UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case Number: 16-21926-CIV-MORENO

RINA RODRIGUEZ and FRANCISCO
RODRIGUEZ,

        Plaintiffs,

vs.

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In 2005, Plaintiffs filed a property insurance claim and the Defendant Liberty Mutual Fire Insurance Company paid them $9,145.05 to cover the damage caused by Hurricane Katrina. Plaintiffs accepted the payment that was accompanied by a letter indicating that it was a complete review of the claim. Plaintiffs accepted that amount in 2005, then waited a decade until 2015 to request an appraisal, which the insurance company denied. The Amended Complaint states a claim for breach of contract and declaratory judgment. Both claims assert Defendant failed to acknowledge the loss and failed to remit payment. The undisputed record evidence shows that Liberty Mutual completed its review of the claim and paid Plaintiffs in 2005. Even if the Court were to construe the Amended Complaint as stating a claim for breach stemming from the 2015 denial of the appraisal, the Court would apply Florida's Statute of Limitations, § 95.11 to bar the claim. To rule otherwise on the facts of this case would thwart the purposes of Florida's statute. Finally, the Plaintiffs failed to comply with the policy's timely notice provisions creating a presumption of prejudice under Florida law – a presumption that Plaintiff did not rebut. Accordingly, the Court grants summary judgment in favor of Defendant.[1]

---

[1] Defendant Liberty Mutual removed this action invoking the Court's diversity jurisdiction as the parties are from different states. The notice states the Plaintiff submitted a repair estimate alleging a loss totaling $113,813.54.

THIS CAUSE came before the Court upon Defendant's Motion for Summary Judgment (**D.E. 22**), filed on **October 18, 2016**.

THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. It is also

**ADJUDGED** that all other pending motions are DENIED as moot.

Background

Plaintiffs, the insureds, are suing their homeowner's insurance company for damages suffered to their property during Hurricane Katrina on August 25, 2005. The Defendant, Liberty Mutual Fire Insurance Company, acknowledged coverage and made a payment to the Plaintiff on October 23, 2005 in the amount of $9,145.05. Plaintiffs testified they were dissatisfied with the amount of the payment they received in 2005. Despite being dissatisfied, Plaintiffs did not pursue any dispute with Liberty Mutual at the time. Almost ten years later, on July 8, 2015, Plaintiffs filed a supplemental claim in connection with the Hurricane Katrina loss and demanded appraisal. On September 23, 2015, Liberty Mutual declined the appraisal demand stating the statute of limitations expired. Plaintiffs' Amended Complaint is for breach of contract and a declaratory judgment that coverage exists for the loss. More specifically, Plaintiffs' claim for breach of contract states that Liberty Mutual breached the contract when it failed to "acknowledge coverage for the loss, and/or acknowledge that payment would be forthcoming; and/or make any payment of insurance proceeds to the Insured." The declaratory judgment count requests the Court hold "coverage does exist for the loss."

Liberty Mutual moved for summary judgment arguing the Plaintiffs' breach of contract is barred because the undisputed facts show that Liberty Mutual paid and did not deny Plaintiff's

---

Neither party has made arguments on whether the jurisdictional amount has been met. In the absence of evidence presented to the contrary, the Court finds that the jurisdictional amount has been met.

2

2005 claim. In addition, the Defendant argues Florida's statute of limitations, section 95.11 bars Plaintiffs' claims. Liberty Mutual also maintains that Plaintiffs' failure to give prompt notice negates any liability in this case.

## Legal Standard

Summary judgment is authorized where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The nonmovant must present more than a scintilla of evidence in support of the nonmovant's position. A jury must be able reasonably to find for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

## Analysis

### A. Breach of Contract

"The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." *Abbott Labs, Inc. v. Gen. Elec. Capital*, 765 So. 2d 737, 740 (Fla. 5th DCA 2000). At summary judgment, the parties dispute whether a breach occurred. Liberty Mutual says it did not breach the insurance policy because in 2005 it paid $9,145.05 for the claim at issue in this case. Plaintiffs assert Liberty Mutual breached the contract when it denied Plaintiffs' appraisal request on September 23, 2015.

Tellingly, Plaintiffs' Amended Complaint states the Defendant breached the contract by "fail[ing] to: (i) acknowledge coverage for the Loss; and/or (ii) acknowledge that payment would be forthcoming; and/or (iii) make any payment of insurance proceeds to the insured." The

3

breach of contract claim stated in the Amended Complaint is not in line with Plaintiffs' position at summary judgment – that the breach of contract is the denial of the request for appraisal. The undisputed evidence does not support the breach described in the Amended Complaint. Rather, it shows Liberty Mutual acknowledged coverage for the loss and made payment to the Plaintiffs in 2005.

### 1. Statute of Limitations

Although the Amended Complaint failed to state a breach of contract claim stemming from the 2015 denial of the appraisal request, the Court will nevertheless evaluate whether that claim survives summary judgment. Defendant argues Florida's statute of limitations § 95.11 bars the claim.[2] Florida's statute of limitations provides that an action for breach of a property insurance contract must be filed within five years of the cause of action accruing. *Linares v. Universal Prop. & Cas. Ins. Co.*, 141 So. 3d 719, 721 (Fla. 3d DCA 2014). The five-year statute of limitations begins to run from the date of the breach of an insurance policy, not from the date of loss. *Saenz v. State Farm Fire and Cas. Co.*, 861 So. 2d 64, 68 (Fla. 3d DCA 2003).

Relying on *Rizo v. State Farm Florida Ins. Co.*, 133 So. 3d 1114 (Fla. 3d DCA 2014), Plaintiffs argue that the starting point of their statute of limitations is September 23, 2015 (when Liberty Mutual denied the appraisal), rather than October 23, 2005 (when Liberty Mutual paid them $9,145.05). In *Rizo*, the insureds made a claim on their policy in October 2005, and State Farm paid them in January and April 2006. *Id.* In October 2010 – four years after the payments — the Rizos made an additional claim that was denied. The Rizos filed suit in July 2011 and the insurance company argued the statute of limitations applied to bar the supplemental claim. The Third District Court of Appeal held the statute of limitations began accruing when the October 2010 claim was denied, not when the initial payment was made.

---

[2] Florida's statute of limitations was amended in 2011. Because the date of Plaintiff's loss occurred in 2005, the Court will apply the statute of limitations in effect at the time. Both parties apply the 2004 version of the statute in their briefs.

4

The *Rizo* court noted factual circumstances in support of its holding. First, the Rizos' complaint was clear that the breach was for the denial of the supplemental claim in 2010 and did not reference any other breach. Second, the insurance company made no indication that the 2006 payments were full and final payments. Third, the Rizos advised the insurance company of their supplemental claim within the limitations period. Those circumstances partly distinguish *Rizo* from this case.

In this case, unlike *Rizo*, Plaintiff's Amended Complaint for breach of contract is for a failure to acknowledge coverage for the 2005 loss and failure to make payment. Additionally, the Plaintiffs here, unlike the Rizos did not advise the insurance company within the limitations period that they were dissatisfied with the 2005 payment. Finally, the letter accompanying the 2005 payment in this case indicates that Liberty Mutual completed its review and issued a payment for repair to damaged property. Although there is no evidence that the 2005 payment was labeled "full and final," the letter states that is a complete review of the claim. *See Luciano v. United Property & Cas. Ins. Co.*, 156 So. 3d 1108, 1110 (Fla. 4th DCA 2015) (holding payment to insured was not a final payment because letter indicated payment was for particular repairs and not others). Notably, Plaintiffs have not provided any other intervening factor in the 10-year period to allow this Court to find the request for appraisal was anything other than a rehashed request to review a decade-old claim and its resolution. Given the dissimilarities from *Rizo*, the Court finds the statute of limitations bars the Plaintiffs' breach of contract claim.

Allowing this case to go forward would mean an insured in Florida could wait an indefinite amount of time, through many hurricanes and other disasters, to demand appraisal and then argue the carrier's breach occurred when it refused the appraisal demand, rather than when it made the alleged underpayment that prompted the appraisal demand. *See e.g., Nardone v. Reynolds*, 333 So. 2d 25, 36 (Fla. 1976) ("The purposes of the statutes of limitations are to

5

protect defendants against unusually long delays in filing of lawsuits and to prevent unexpected enforcement of stale claims.").

B. Failure to Comply with Policy's Conditions

Even if the Court were to find the statute of limitations was not applicable, the Plaintiffs failed to comply with the policy's notice condition, which provides Liberty Mutual with a basis to deny coverage. The policy provides:

> **2. Your Duties after Loss.** In case of a loss to covered property, you must see that the following are done:
> **a.** Give *prompt notice* to us or our agent

An insured's failure to provide timely notice is a legal basis to deny coverage under Florida law. *Laquer v. Citizen's Prop. Ins. Corp.*, 167 So. 3d 470, 473 (Fla. 3d DCA 2015). Whether untimely notice bars a claim is a two-step analysis. *Id.* The first step is to determine whether notice was timely. *LoBello v. State Farm Fla. Ins. Co.*, 152 So. 3d 595, 599 (Fla. 2d DCA 2014). If the notice was untimely, prejudice to the insurer is presumed. *Bankers Ins. Co. v. Macias*, 475 So. 2d 1216, 1218 (Fla. 1985). In the second step, the insured has the burden to overcome the presumption by proving that the insurer was not prejudiced. *LoBello*, 475 So. 2d at 599; *Clena Inv. Inc. v. XL Specialty Ins. Co.*, No. 10-62028-CIV-SCOLA, 2012 WL 1004851, at *4 (S.D. Fla. Mar. 26, 2012).

The policy here required "prompt notice." Florida courts have interpreted prompt notice requirements to mean "within a reasonable time in view of all the facts and circumstances of each particular case." *LoBello*, 475 So. 2d at 599. "In cases where the undisputed factual record establishes notice is so late that no reasonable juror could find it timely, Florida courts will deem the notice untimely as a matter of law." *Nat'l Trust Ins. Co. v. Graham Brothers Constr. Co.*, 916 F. Supp. 2d 1244, 1258 (M.D. Fla. 2013) (four-year delay untimely as a matter of law); *see also Clena*, 2012 WL 1004851 at *4 (four year delay untimely as a matter of law). Here, Plaintiffs

6

waited almost ten years to report the supplemental claim for appraisal, much later than any of the cited cases. Accordingly, the ten-year delay constitutes late notice as a matter of law.

Having found the notice late as a matter of law, there is a presumption that Liberty Mutual was prejudiced as a result of the delay. *LoBello*, 475 So. 2d at 599. Plaintiffs have not tried to overcome the presumption or put forth evidence that Liberty Mutual was not prejudiced.

"Florida law recognizes that an 'insurer is prejudiced by untimely notice when the underlying purpose of the notice requirement is frustrated.'" *The Yacht Club on the Intracoastal Condo. Assoc. Inc. v. Lexington Ins. Co.*, 599 Fed. App'x. 875, 881 (11th Cir. 2015) (quoting *1500 Coral Towers Condo. Ass'n, Inc. v. Citizens Prop. Ins. Corp.*, 112 So. 3d 541 (Fla. 3d DCA 2013)). The purpose of the notice provision is to enable the insurer an opportunity to investigate the damage. Prejudice results when untimely notice impedes an insurer's ability to (1) investigate a claim, (2) defend a claim, or (3) mitigate damages through settlement or early repairs. *See Clena*, 2012 WL 1004851 at *6 (quoting *Kendall Lakes Towers Condo. Ass'n Inc.v. Pac. Ins. Co., Ltd.*, 2012 WL 266438, at *2 (S.D. Fla. 2012)).

Plaintiffs testified that in the intervening 10 years they made repairs to their property and had damage in 2013. These factors certainly would make it more difficult to investigate damage stemming from Hurricane Katrina in 2005. This Court therefore finds the record evidence shows Liberty Mutual was prejudiced by the untimely notice. Accordingly, this Court finds there is no coverage for the supplemental claim and summary judgment is granted in favor of the Defendant.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd of March 2017.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

7

**Copies furnished to:**
Counsel of Record